UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-25083

ADRIANA MARTINEZ RODRIGUEZ,

 Plaintiff,

vs.

D NAKAMA FACTION CORP,
MATHIU MUNOZ PEREZ, and
SAYLI C. SAAVEDRA SOUCHAY,

 Defendants.
_____/

## COMPLAINT

Plaintiff, Adriana Martinez Rodriguez, sues Defendants, D Nakama Faction Corp, Mathiu Munoz Perez, and Sayli C. Saavedra Souchay, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.  **Plaintiff, Adriana Martinez Rodriguez**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.  Ms. Martinez Rodriguez was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.  Ms. Martinez Rodriguez was a non-exempt employee of Defendants.

4.  Ms. Martinez Rodriguez consents to participate in this lawsuit.

5.  **Defendant, D Nakama Faction Corp**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Miami-Dade County.

6.  **Defendant, Mathiu Munoz Perez,** was and is an owner / officer / director of

1

the corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

7. **Defendant, Sayli C. Saavedra Souchay,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. She also ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

8. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

9. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

11. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

12. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Adriana Martinez Rodriguez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

13. Defendants have been at all times material engaged in interstate commerce in the course of their marketing, sales, and service of health, life, and other insurance services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

14. Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

15. Defendants maintain a website at www.dnakamafaction.com, which they use for promotional and informational purposes.

16. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state insurers and customers.

17. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

18. In particular, Defendants own and operate an insurance agency that markets and sells health, life, and automobile insurance policies to clients using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

19. Defendants regularly and routinely place and receive packages engaged in interstate commerce to conduct their business.

20. Plaintiff worked for Defendants as a customer service representative from March 2020 through November 18, 2020.

21. Defendants agreed to pay Plaintiff at a rate of $12.00 per hour.

22. Plaintiff worked for Defendants out of their office.

23. Defendants controlled all job-related activities of Plaintiff.

24. Defendants coordinated all job-related activities of Plaintiff.

25. Defendants provided Plaintiff with the forms to utilize in her work.

26. Defendants supervised Plaintiff in her work.

27. Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that she worked by <u>failing to timely pay her</u> for the hours that she worked for Defendants during her first week of work and then again from October 1, 2020 through November 18, 2020.

28. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked.

29. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked during her first week of work and then again from October 1, 2020 through November 18, 2020 violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiff, Adriana Martinez Rodriguez, demands the entry of a judgment in her favor and against Defendants, D Nakama Faction Corp, Mathiu Munoz Perez, and Sayli C. Saavedra Souchay, jointly and severally, after trial by jury and as follows:

4

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

Plaintiff, Adriana Martinez Rodriguez, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

30. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic*

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

*Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

31. Plaintiff and Defendants agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $12.00 for each hour that she worked for them.

32. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

33. Defendants, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $12.00 for each of work that she worked for Defendants during her first week of work and then again from October 1, 2020 through November 18, 2020.

34. Plaintiff has been damaged as a result of Defendants' failure to pay her for the work she performed during her first week of work and then again from October 1, 2020 through November 18, 2020 in a timely manner.

WHEREFORE Plaintiff, Adriana Martinez Rodriguez, demands the entry of a judgment in her favor and against Defendants, D Nakama Faction Corp, Mathiu Munoz Perez, and Sayli C. Saavedra Souchay, jointly and severally, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **COUNT III – UNJUST ENRICHMENT**

Plaintiff, Adriana Martinez Rodriguez, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

6

35. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

36. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by her.

37. Plaintiff expected to be paid a reasonable value for the labor and services she provided to Defendants.

38. Plaintiff provided services on behalf of Defendants for their business, as requested, they submitted time expended by Plaintiff in order to be paid, and they received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

39. Defendants were unjustly enriched in that they failed and refused to make payment to Plaintiff for the benefits she conferred upon them during her first week of work and then again from October 1, 2020 through November 18, 2020.

WHEREFORE Plaintiff, Adriana Martinez Rodriguez, demands the entry of a judgment in her favor and against Defendants, D Nakama Faction Corp, Mathiu Munoz Perez, and Sayli C. Saavedra Souchay, jointly and severally, after trial by jury, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Adriana Martinez Rodriguez, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of December 2020,

                                         s/Brian H. Pollock, Esq.
                                         Brian H. Pollock, Esq. (174742)
                                         brian@fairlawattorney.com
                                         FAIRLAW FIRM
                                         7300 N. Kendall Drive
                                         Suite 450
                                         Miami, FL 33156
                                         Tel:    305.230.4884
                                         *Counsel for Plaintiff*